MICHAEL E. GATES, City Attorney (SBN 258446)
RYAN E. LUMM,
   Sr. Deputy City Attorney (SBN 286564)
CHARLES CONNOR HYLAND,
   Sr. Deputy City Attorney (SBN 329840)
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
Tel: (714) 536-5555; Fax: (714) 374-1590
Email:  Ryan.Lumm@surfcity-hb.org
         Connor.Hyland@surfcity-hb.org

Attorneys for Defendant,
City of Huntington Beach

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS, LLC, D/B/A AT&T MOBILITY, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF HUNTINGTON BEACH, CALIFORNIA.<br><br>    Defendant. | Case No.: 8:23-cv-01972-FWS (JDEx)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANT CITY OF HUNTINGTON BEACH** |

     Defendant City of Huntington Beach (hereinafter "Defendant"), hereby answers Plaintiff New Cingular Wireless PCS First Amended Complaint, for itself, and for no other defendant, as follows:

     1.    Answering Paragraph 1, Defendant admits the allegations contained therein.

     2.    Answering Paragraph 2, Defendant admits the allegations contained therein.

3. Answering Paragraph 3, Defendant admits the allegations contained therein.

4. Answering Paragraph 4, Defendant denies the allegation that the Proposed Facility is the least intrusive means to close AT&T's alleged coverage gap. As to the remainder of the allegations, Defendant lacks sufficient information to form a belief about the truth of the allegations, and on that basis, denies those allegations.

5. Answering Paragraph 5, Defendant lacks sufficient information to form a belief about the truth of the allegations, and on that basis, denies those allegations.

6. Answering Paragraph 6, Defendant admits the allegations contained therein.

7. Answering Paragraph 7, to the extent that the paragraph sets forth any factual allegations rather than blanket statements of law, Defendant denies the allegations contained therein.

8. Answering Paragraph 8, Defendant denies the allegations contained therein.

9. Answering Paragraph 9, Defendant lacks sufficient information to form a belief about the truth of the allegations, and on that basis, denies those allegations.

10. Answering Paragraph 10, Defendant denies the allegations contained therein. Rather, Defendant admits that the City of Huntington Beach is a Municipal Corporation and Charter City organized and existing under a freeholder's charter with plenary powers over its municipal affairs, including and without limitation, local zoning and land use matters, as authorized by Article XI, Section 5 of the California Constitution.

11. Answering Paragraph 11, Defendant admits that AT&T appears to seek declaratory and injunctive relief. However, Defendant denies that AT&T is entitled to any relief, whatsoever, under the law.

12. Answering Paragraph 12, Defendant denies the allegations contained therein.

13. Answering Paragraph 13, Defendant will neither admit nor deny as the identified paragraph is not a factual allegation, but rather a proposed statement of law.

14. Answering Paragraph 14, Defendant will neither admit nor deny as the identified paragraph is not a factual allegation, but rather a proposed statement of law.

15. Answering Paragraph 15, Defendant will neither admit nor deny as the identified paragraph is not a factual allegation, but rather a proposed statement of law.

16. Answering Paragraph 16, Defendant will neither admit nor deny as the identified paragraph is not a factual allegation, but rather a proposed statement of law.

17. Answering Paragraph 17, Defendant will neither admit nor deny as the identified paragraph is not a factual allegation, but rather a proposed statement of law.

18. Answering Paragraph 18, Defendant will neither admit nor deny as the identified paragraph is not a factual allegation, but rather a proposed statement of law.

19. Answering Paragraph 19, Defendant will neither admit nor deny as the identified paragraph is not a factual allegation, but rather a proposed statement of law.

20. Answering Paragraph 20, Defendant will neither admit nor deny as the identified paragraph is not a factual allegation, but rather a proposed statement of law.

21. Answering Paragraph 21, Defendant will neither admit nor deny as the identified paragraph is not a factual allegation, but rather a proposed statement of law.

22. Answering Paragraph 22, Defendant lacks sufficient information to form a belief about the truth of the allegations, and on that basis, denies those allegations.

23. Answering Paragraph 23, Defendant lacks sufficient information to form a belief about the truth of the allegations, and on that basis, denies those allegations.

24. Answering Paragraph 24, Defendant lacks sufficient information to form a belief about the truth of the allegations, and on that basis, denies those allegations.

25. Answering Paragraph 25, Defendant lacks sufficient information to form a belief about the truth of the allegations, and on that basis, denies those allegations.

26. Answering Paragraph 26, Defendant lacks sufficient information to form a belief about the truth of the allegations, and on that basis, denies those allegations.

27. Answering Paragraph 27, Defendant lacks sufficient information to form a belief about the truth of the allegations, and on that basis, denies those allegations.

28. Answering Paragraph 28, Defendant lacks sufficient information to form a belief about the truth of the allegations, and on that basis, denies those allegations.

29. Answering Paragraph 29, Defendant admits the allegation that AT&T proposed to install a wireless communications facility in the parking lot of a church located within a commercial zone within the City of Huntington Beach. However, Defendant denies the allegation that AT&T presented sufficient evidence showing

that there was a significant wireless service coverage gap in providing vital services near this area, and further denies the allegation that the Proposed Facility was "stealth."

30. Answering Paragraph 30, Defendant lacks sufficient information to form a belief as to manner, method, and extent of which AT&T "thoroughly" investigated alternative sites and designs, and on that basis, denies those allegations. Defendant admits the remainder of the allegations contained therein.

31. Answering Paragraph 31, Defendant will neither admit nor deny as the identified paragraph is not a factual allegation, but rather a proposed statement of law.

32. Answering Paragraph 32, Defendant lacks sufficient information to form a belief as to manner, method, and extent of which AT&T searched for viable collocation opportunities in the gap area, and on that basis, denies those allegations.

33. Answering Paragraph 33, Defendant admits the allegation that AT&T's site analysis showed that it considered 12 candidate locations, including the Site, and eleven alternative locations. However, Defendant denies the allegation that the Site was the only feasible alternative for the Proposed Facility, and further denies the allegation that the Site was the only opportunity to close AT&T's alleged coverage gap.

34. Answering Paragraph 34, Defendant lacks sufficient information to form a belief that the two alternative sites were "unavailable" due to the property owner's failure to respond to "multiple overtures" made by AT&T in April and May of 2022, and on that basis, denies those allegations. Defendant admits the remainder of the allegations contained therein.

35. Answering Paragraph 35, Defendant admits the allegations contained therein.

36. Answering Paragraph 36, Defendant admits the allegations contained therein.

37. Answering Paragraph 37, Defendant admits the allegations contained therein.

38. Answering Paragraph 38, Defendant admits the allegations contained therein.

39. Answering Paragraph 39, Defendant denies the allegation that the Proposed Facility was the only viable site available to close AT&T's alleged coverage gap.  Defendant admits the remainder of the allegations contained therein.

40. Answering Paragraph 40, Defendant admits the allegations contained therein.

41. Answering Paragraph 41, Defendant admits the allegations contained therein.

42. Answering Paragraph 42, Defendant denies the allegation that the Proposed Facility was the least intrusive means to close the alleged coverage gap. Defendant admits the remainder of the allegations.

43. Answering Paragraph 43, Defendant admits the allegations contained therein.

44. Answering Paragraph 44, Defendant lacks sufficient information to form a belief as to date in which AT&T's representatives reviewed the City's written denial of its application, and on that basis, denies those allegations. However, Defendant admits the allegation that notice of the denial was issued on or around July 26, 2023.

45. Answering Paragraph 45, Defendant admits the allegations contained therein.

46. Answering Paragraph 46, Defendant denies the allegations contained therein.

47. Answering Paragraph 47, Defendant denies the allegations contained therein.

48. Answering Paragraph 48, Defendant admits the allegation that it proposed a minimum of three alternative sites for construction of the proposed facility. However, Defendants denies the allegation that it did not evaluate the availability or feasibility of those sites.

49. Answering Paragraph 49, Defendant denies the allegation that the proposed sites located at 17191 and 17262 Beach Boulevard were "unavailable" and that AT&T exercised due diligence in its attempt, if any, to secure the availability of these sites. Defendant admits the allegation that these two proposed sites were identified in AT&T's Application.

50. Answering Paragraph 50, Defendant admits the allegation that the property located at 17373-17479 Beach Boulevard was proposed as an alternate site. However, Defendant denies the allegation that AT&T exercised diligence and further denies the allegation that AT&T relied upon any credible evidence showing insufficient space for the Proposed Facility at this particular site.

51. Answering Paragraph 51, Defendant admits the allegations contained therein.

52. Answering Paragraph 52, Defendant lacks sufficient information to form a belief as to whether AT&T made a good faith and reasonable attempt to secure a lease from the property owner at 17191 Beach Boulevard, and on that basis, denies the allegations contained therein.

53. Answering Paragraph 53, Defendant lacks sufficient information to form a belief as to whether AT&T made a good faith and reasonable attempt to secure a lease from the property owner at 17262 Beach Boulevard, and on that basis, denies the allegations contained therein.

54. Answering Paragraph 54, Defendant lacks sufficient information to form a belief as to whether AT&T made a good faith and reasonable attempt to secure a lease from the property owner at 17473-17479 Beach Boulevard, and/or

that there was insufficient space available at this location, and on that basis, denies the allegations contained therein.

55. Answering Paragraph 55, Defendant denies the allegations contained therein.

56. Answering Paragraph 56, Defendant denies the allegations contained therein.

57. Answering Paragraph 57, Defendant denies the allegations contained therein.

58. Answering Paragraph 58, Defendant admits the findings of the Planning Commission Staff Report are as alleged therein.  However, Defendant denies those findings as fact, and further denies any insinuation that the Planning Commission Staff Report represents the City and/or City Council's official findings and basis for its denial of AT&T's Application.

59. Answering Paragraph 59, Defendant denies the allegations contained therein.

60. Answering Paragraph 60, Defendant denies the allegations contained therein.

61. Answering Paragraph 61, Defendant denies the allegations contained therein.

62. Answering Paragraph 62, Defendant denies the allegations contained therein.

63. Answering Paragraph 63, due to the vague and ambiguous description of the properties identified, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis the denies the allegations contained therein.  In addition, Defendant denies the allegations insofar as they attempt to show the properties identified are substantially similar to the Proposed Facility and Site.

64. Answering Paragraph 64, Defendant denies the allegations contained therein.

65. Answering Paragraph 65, Defendant denies the allegations contained therein.

66. Answering Paragraph 66, Defendant incorporates all prior admissions and denials in Answer to Paragraphs 1 through 65.

67. Answering Paragraph 67, Defendant lacks sufficient information to form a belief as to whether AT&T has a "gap in service coverage" in the vicinity of the Proposed Facility and/or whether the alleged "gap in service coverage" was significant, and on that basis denies the allegations contained therein.

68. Answering Paragraph 68, Defendant lacks sufficient information to form a belief as to whether AT&T has a "gap in service coverage" in the vicinity of the Proposed Facility and/or whether the alleged "gap in service coverage" was significant, and on that basis denies the allegations contained therein.

69. Answering Paragraph 69, Defendant denies the allegations contained therein.

70. Answering Paragraph 70, Defendant admits that AT&T provided the City with "a reason" why it chose the Site. However, Defendant denies that AT&T was diligent or reasonable in its analysis of alternate sites, and further denies that there were not any alternate and less intrusive sites available for the Proposed Facility.

71. Answering Paragraph 71, Defendant denies the allegations contained therein.

72. Answering Paragraph 72, Defendant denies the allegations contained therein.

73. Answering Paragraph 73, Defendant denies the allegations contained therein.

74. Answering Paragraph 74, Defendant denies the allegation that the City has any cognizable legal duty or burden to show that AT&T did not have a significant gap in personal wireless service prior to issuing the Denial.

75. Answering Paragraph 75, Defendant denies the allegations contained therein.

76. Answering Paragraph 76, Defendant denies the allegations contained therein.

77. Answering Paragraph 77, Defendant denies the allegations contained therein.

78. Answering Paragraph 76, Defendant denies the allegations contained therein.

79. Answering Paragraph 79, Defendant incorporates all prior admissions and denials in Answer to Paragraphs 1 through 78.

80. Answering Paragraph 80, Defendant denies the allegations contained therein.

81. Answering Paragraph 81, Defendant admits that AT&T presented some evidence of its alleged need to construct the Proposed Facility, and that construction of such a facility would require a conditional use permit. However, Defendant denies any allegation that the evidence submitted by AT&T was sufficient to justify the construction of the Proposed Facility at the Site.

82. Answering Paragraph 82, Defendant denies the allegations contained therein.

83. Answering Paragraph 83, Defendant denies the allegations contained therein.

84. Answering Paragraph 84, Defendant denies the allegations contained therein.

85. Answering Paragraph 85, Defendant incorporates all prior admissions and denials in Answer to Paragraphs 1 through 84.

86. Answering Paragraph 86, Defendant will neither admit nor deny as the identified paragraph is not a factual allegation, but rather a statement of law.

87. Answering Paragraph 87, Defendant denies the allegations contained therein.

88. Answering Paragraph 88, Defendant denies the allegations contained therein.

89. Answering Paragraph 89, Defendant denies the allegations contained therein.

90. Answering Paragraph 90, Defendant incorporates all prior admissions and denials in Answer to Paragraphs 1 through 89.

91. Answering Paragraph 91, Defendant will neither admit nor deny as the identified paragraph is not a factual allegation, but rather a proposed statement of law.

92. Answering Paragraph 92, Defendant denies the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant is a Municipal Corporation and Charter City organized and existing under a freeholder's charter with plenary powers over its municipal affairs, including and without limitation, local zoning and land use matters, as authorized by Article XI, Section 5 of the California Constitution.

## THIRD AFFIRMATIVE DEFENSE

The Telecommunications Act (47 U.S.C. § 332(c)(7)(A)) does not prevent municipalities from exercising their traditional prerogative to restrict and control development based on aesthetic considerations, nor does the Act preempt state or local government entity's conduct that does not amount to regulation. *Southwestern*

*Bell Mobile Sys. v. Todd* (1st Cir. 2011) 244 F.3d 51; *Sprint Spectrum v. L.P. v. Mills* (2nd Cir. 2022) 283 F.3d 404.

### FOURTH AFFIRMATIVE DEFENSE

Pursuant to 47 U.S.C. § 332, Defendant's decision to deny a request to place, construct, or modify personal wireless service facilities, if any, is supported by substantial evidence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's failure to consider feasible and less intrusive alternatives serve as a bar to its claim for relief.

### SIXTH AFFIRMATIVE DEFENSE

The alleged actions of Defendant as identified in the First Amended Complaint were required and/or justified by controlling law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to act in good faith and/or exercise reasonable diligence at all relevant times identified in the First Amended Complaint.

WHEREFORE, Defendant prays that Plaintiff take nothing by way of its First Amended Complaint and that this Defendant herein recover their costs and such other and further relief as the Court may deem just and proper.

DATED: December 4, 2023           MICHAEL E. GATES, City Attorney

By:     */s/ Ryan E. Lumm*
RYAN LUMM, Sr. Deputy City Attorney
Attorney for Defendant
CITY OF HUNTINGTON BEACH

## DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

  PLEASE TAKE NOTICE that Defendant CITY OF HUNTINGTON BEACH demands trial by jury in the above-entitled action pursuant to Federal Rules of Civil Procedure 38(b) and Local Rule 38-1.

DATED: December 4, 2023   MICHAEL E. GATES, City Attorney

         By: */s/ Ryan E. Lumm*
           RYAN LUMM, Sr. Deputy City Attorney
           Attorney for Defendants
           CITY OF HUNTINGTON BEACH

# PROOF OF SERVICE OF PAPERS

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2000 Main Street, Huntington Beach, CA 92648.

On December 4, 2023, I served the foregoing document(s) described as: **ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANT CITY OF HUNTINGTON BEACH** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Raymond P. Bolanos, Esq.<br>AT&T SERVICES, INC., LEGAL DEP'T<br>430 Bush Street, 6th Floor<br>San Francisco, CA 94108 | Attorney for Plaintiff<br>New Cingular Wireless PCS, LLC<br>d/b/a AT&T Mobility<br>Telephone: 415.268.9491<br>Facsimile: 415.543.0418<br>raymond.bolanos@att.com |
| AARON M. SHANK (Pro Hac Vice)<br>PORTER WRIGHT MORRIS &<br>ARTHUR LLP<br>41 South High Street, Suites 2800 - 3200<br>Columbus, OH 43215 | Pro Hac Vice Attorney for Plaintiff<br>New Cingular Wireless PCS, LLC<br>d/b/a AT&T Mobility<br>Telephone: 614.227.2110<br>Facsimile: 614.227.2100<br>ashank@porterwright.com |

a.  [**X**]  BY MAIL -- The envelope was sealed and placed for collection on the date listed above. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 4, 2023, in Huntington Beach, California.

_____
MICHELE HOFFMAN

323654

14